### COGGIN NAT. BANK v. SMITH et al.
### No. 11309.

Court of Civil Appeals of Texas. Dallas.
July 8, 1933.

Rehearing Denied Sept. 23, 1933.

Allen & Gambill, of Fort Worth, for plaintiff in error.

Bishop & Holland, of Athens, for defendants in error.

BOND, Justice.

Plaintiff in error, Coggin National Bank at Brownwood, Tex., seeks to impress a lien on the proceeds from the sale of property belonging to the estate of W. C. Smith, deceased, and alleged to have been converted by defendants in error.

W. C. Smith died testate June 12, 1926, appointing R. C. Smith and J. K. Webster independent executors of his estate; they qualified and returned to the probate court an inventory and appraisement of all property belonging to deceased, in which was listed "notes owing by Malakoff Investment Company, $12,700.00." At the time of his death, W. C. Smith was indebted to said bank, and, on April 2, 1928, the indebtedness was established by judgment against his executors.

In 1927, the Malakoff Investment Company was reorganized, amended its charter, and caused to be issued to each of the children of said W. C. Smith a note of W. E. Phillips, for the principal sum of $500, together with stock of the corporation in equal proportions; said note, in each instance, being secured by a pledge of twenty shares of the capital stock of said corporation. The notes, stock, and pledged security were given in payment of the Malakoff Investment Company's notes, listed as the property of the estate of W. C. Smith, and is the property which plaintiff in error seeks to subject to the payment of its judgment; the estate of W. C. Smith being otherwise insolvent.

The case was tried before the court without a jury, and judgment entered for defendants. Plaintiff appealed.

Article 3314, R. C. S. 1925, provides: "When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees; and all the estate of such person, not devised or bequeathed, shall vest immediately in his heirs at law; subject however, to the payment of the debts of the testator or intestate, except such as may be excepted by law; * * * the executor or administrator shall have the right to the possession of the estate as it existed at the death of the testator or intestate, with the exception aforesaid; and he shall recover possession of and hold such estate in trust to be disposed of in accordance with law."

For a creditor to have property, under the article quoted, declared a trust estate, subject to the payment of debts, the law imposes upon such creditor the burden of showing that the property, or the proceeds thereof, belonged to the deceased debtor. The title to the notes owing by the Malakoff Investment Company, the basis of the stock, notes, and pledged security here involved, is the crux of this suit. If the original notes were the property of W. C. Smith at the time of his death, then the rights of the heirs, devisees, and legatees to the proceeds derived from the payment thereof are subservient to the rights of plaintiff in error, a judgment creditor of the estate.

The notes, listed in the inventory and appraisement of the property of W. C. Smith,

were not produced on the trial of this case, and there is no testimony otherwise showing that W. C. Smith or his executors ever had possession of the notes. The notes were made payable to C. E. (Claud) Smith, one of the heirs and legatees of W. C. Smith, and he had the notes in his possession; thus the presumption is that C. E. (Claud) Smith was the owner thereof and had control of the proceeds derived from their payment. The notes were converted into shares of Malakoff Investment Company stock and the Phillips notes, and constitute no part of the estate of W. C. Smith, deceased. The fact that the owner, C. E. (Claud) Smith, may have suffered a division and allowed each of his brothers and sisters to receive, accept, and hold a distributive share of the proceeds of his own property, either through ignorance of his rights thereto, or by a gracious spirit of charity and benevolence, and each treated the share distributed as a part of the estate to which he claims as a legatee or devisee under the will of W. C. Smith, does not create perforce thereof an estoppel in favor of a creditor of the deceased debtor; a creditor has a lien only perforce of the statute, and, in the absence of proof that the property involved belonged to the deceased debtor at the time of his death, no trust estate in the property exists in favor of plaintiff in error.

The record is silent as to how the notes come to be listed in the inventory and appraisement of property belonging to W. C. Smith's estate; the nearest approach thereto is the testimony of Mr. Webster, who stated: "I suppose it was listed from property that was taken from the record." We conclude that such testimony is not sufficient to overcome the presumption that the payee and holder of the notes, as stated above, is the owner thereof, and that the judgment of the trial court finds support in the record; accordingly, it is affirmed.

Affirmed.